IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:10CV33-03-MU

| | |
|---|---|
| DEWAYNE LEE ANTHONY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOHN HARVEY SMITH, )<br>)<br>Defendants )<br>_____) | **O R D E R** |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983, filed March 15, 2010. (Document No. 1. )

In his Complaint, Plaintiff alleges that the Defendant John Harvey Smith violated his constitutional rights while housed at Alexander Correctional Institution. Specifically, Plaintiff contends that Defendant stole his personal property including legal and religious books when he confiscated these items explaining they were contraband. (Complaint at 3.) By way of relief, Plaintiff asks that this Court direct Defendant to return his personal property to him. (Complaint at 4.)

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires an inmate to exhaust "such administrative remedies as are available" before suing over prison conditions. There is no doubt that the PLRA's exhaustion requirement is mandatory. See Anderson v. XYZ Correctional Heath Services, 407 F.3d 674, 676-77 (4th Cir. 2005) citing Porter v. Nussle, 534 U.S. 516, 524 (2002) ("once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory. All available remedies must now be exhausted; those remedies need

1

not meet federal standards, nor must they be plain, speedy and effective. Even when the prisoner seeks relief not available in the grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." When considering a motion to dismiss for failure to exhaust, the district court must determine whether exhaustion was complete at the time of filing, not at the time when the court is rendering its decision on the Motion to Dismiss. Johnson v. Jones, 340 F.3d 624 (8th Cir. 2003). A Court may sua sponte dismiss a complaint for failure to exhaust if it is clear from the complaint that the inmate has not exhausted his administrative remedies. Anderson v. XYZ, 407 F.3d at 674. Here, Plaintiff checked the box on his form Complaint indicating that he had exhausted his administrative remedies. However, attached to his Complaint are copies of steps one and two of his grievance no. 4870-S-09-299 dated September 11, 2009 and October 1, 2009 and copies of step one of grievance no. F-3730-09-3218 dated November 25, 2009. This step one response dated November 25, 2009 states that "[t]he issue was properly responded to by staff at Alexander Correctional Institution in grievance 4870-S-09-299. That grievance is awaiting final decision by the Grievance Resolution Board." Although Plaintiff has attached steps one and two of his grievances to his Complaint, he has failed to attached any final disposition of his grievances which would establish that he fully exhausted all steps of the administrative remedy process. Moreover, the last grievance response he did attach, dated November 25, 2009, indicated that a final decision by the Grievance Resolution Board had not yet occurred. Therefore, it is appears from Plaintiff's Complaint as well as the grievances attachments to his Complaint that he may not have exhausted his administrative remedies prior to filing suit. Because the PLRA requires that an inmate fully exhaust his administrative remedies before suing over prison conditions, and it is appears from the Plaintiff's Complaint that he has not exhausted his administrative remedies prior to filing his

Complaint, Plaintiff's Complaint is dismissed without prejudice. <u>Anderson v. XYZ Correctional</u>, 407 F.3d 674, 682 (2005).

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Complaint is dismissed without prejudice for failing to fully exhaust his administrative remedies prior to filing his Complaint.

**SO ORDERED.**

Signed: March 19, 2010

Graham C. Mullen
United States District Judge