IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:10CV33-03-MU

| | |
|---|---|
| DEWAYNE LEE ANTHONY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| JOHN HARVEY SMITH, ) | |
| ) | |
| Defendants ) | |

**THIS MATTER** comes before the Court on Plaintiff's March 22, 2010 letter (Doc. No. 6) which this Court will construe as a motion for reconsideration.

On March 15, 2010 Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 against Officer John Harvey Smith, who is an employee at Alexander Correctional Institution. (Doc. No. 1.) On March 19, 2010, the undersigned dismissed Plaintiff's Complaint without prejudice because it appeared that Plaintiff may not have exhausted his administrative remedies prior to filing the instant Complaint. In his March 22, 2010 letter, Plaintiff contends that he did, in fact, exhaust his administrative remedies prior to filing this instant lawsuit. Therefore, Plaintiff's motion for reconsideration will be granted and his case reopened.

In his Complaint, Plaintiff alleges that the Defendant John Harvey Smith violated his constitutional rights while housed at Alexander Correctional Institution. Specifically, Plaintiff contends that Officer Smith confiscated personal property from his cell on August 14, 2009 including legal and religious books explaining they were contraband. (Complaint at 3.) Plaintiff concedes that he did plead to a contraband charge on August 18, 2009, but it was not for his legal or religious books, but instead it was for having an extra "do-rag and extra toothbrush and expired

1

medications and a sharp point comb . . . ." Plaintiff argues that it is his constitutional right to have the legal and religious books and that they were not contraband. He contends that these items were listed on the inventory form of items taken from his cell on August 14, 2009, which was prepared and signed by Officer Smith, but that the items have never been returned to him. It appears that Plaintiff has been transferred to Marion Correctional from Alexander Correctional and that these items were not transferred to Marion with him. By way of relief, Plaintiff asks that this Court direct Defendant to return his personal property to him. (Complaint at 4.) The undersigned finds that the Defendants should file an Answer detailing and responding to Plaintiff's allegation.

**NOW, THEREFORE, IT IS HEREBY ORDERED that:**

1) Plaintiff's March 22, 2010 letter (Doc. No. 6) will be construed by the Court as a motion for reconsideration;

2) Plaintiff's Motion for Reconsideration (Doc. No. 6) is **GRANTED**;

3) The Clerk is directed to reopen Plaintiff's case;

4) The Clerk shall issue summons and deliver it forthwith to the U.S. Marshall who will make service of process without additional cost; and

5) Defendant shall file an Answer to Plaintiff's Complaint in accordance with the Federal Rules of Civil Procedure.

**SO ORDERED**.

Signed: March 29, 2010

Graham C. Mullen
United States District Judge