IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:10CV33-03-MU

| | |
|---|---|
| DEWAYNE LEE ANTHONY, | ) |
| Plaintiff, | ) |
| v. | ) **O R D E R** |
| JOHN HARVEY SMITH, | ) |
| Defendants | ) |

**THIS MATTER** comes before the Court on Plaintiff's Complaint under 42 U.S.C. § 1983, filed March 15, 2010 (Doc. No. 1 ), Defendant's Motion to Dismiss filed June 29, 2010 (Doc. No. 20); and Plaintiff's reply filed July 13, 2010 (Doc. No.22.)

In his Complaint, Plaintiff alleges that the Defendant John Harvey Smith violated his constitutional rights while housed at Alexander Correctional Institution. Specifically, Plaintiff contends that Defendant stole his personal property including legal and religious books, personal hygiene items, his eye glasses, some coffee, postage stamps and SONY headphones when he confiscated these items explaining they were contraband. (Complaint at 3.) Plaintiff argues that Defendant's confiscation of his property and failure to return such property violated his rights under the First, Sixth and Fourteenth Amendments. By way of relief, Plaintiff asks that this Court direct Defendant to return his personal property to him. (Complaint at 4.) Plaintiff estimates that his personal property was worth $1,600.00.

The crux of Plaintiff's Complaint is that his property was taken from him in violation of the

1

Constitution and has not been returned.[1] As such, Defendant correctly argues that this case is governed by Palmer v. Hudson, 468 U.S. 517 (1984). In Palmer, the Supreme Court held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of Due Process Clause of the Fourteenth Amendment if a meaningful post[-]deprivation remedy for the loss is available." Id. at 533. North Carolina provides a remedy for deprivations of property which was lawfully and unlawfully seized. See N.C.G.S. § 15-11.1; and Wilkins v. Whitaker, 714 F.2d 4,6 (4th Cir. 1983) (noting that North Carolina law allows individuals to bring actions for property which was unlawfully seized). Therefore, because Plaintiff possesses a meaningful post-deprivation remedy for loss of his personal materials, Defendant's Motion to Dismiss shall be granted and Plaintiff's Complaint will be dismissed for failure to state a claim for relief.

**THEREFORE, IT IS HEREBY ORDERED** that for the reasons set forth in this Order and in Defendant's Motion to Dismiss, the Defendant's Motion to Dismiss (Doc. No.20) is GRANTED and Plaintiff's Complaint is dismissed for failure to state a claim for relief.

**SO ORDERED.**

Signed: August 2, 2010

Graham C. Mullen
United States District Judge

---

[1] The Court notes that Plaintiff alleges a violation of his First, Sixth and Fourteenth Amendment rights. However, Plaintiff's vague allegations regarding Defendant's confiscation of his property and his subsequent failure to return his property are far too conclusory to warrant further review under the First or Sixth Amendments.